IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| ROBERT J. HARPER, | ) | |
| --- | --- | --- |
| Movant, | ) | |
| v. | ) | No. 07-3208-CV-S-DW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is Robert J. Harper's Motion Under §2255 to Vacate, Set Aside or Correct his Sentence. (Doc. 1). The Government filed its response in opposition. After careful consideration of the record and the parties' arguments, the Court DENIES the §2255 motion.

A federal jury found Movant guilty of possessing firearms and ammunition after being convicted of a felony, Count One, and possessing stolen firearms, Count Two. Movant now argues that his counsel was ineffective for (1) failing to effectively cross-examine the government's witnesses regarding their ownership of the weapons at issue; (2) failing to object to Teresa Kelly and Jeremy Powell testifying to Exhibits 2 through 8 and Exhibits 1, 33 and 34 without the exhibits being offered into evidence and without a proper foundation; (3) failing to object to the Court's instructing the jury on the role and definition of an indictment.

**Ground One**

On a 28 U.S.C. § 2255 ineffective assistance of counsel claim, Movant bears the burden of proving that (1) counsel performed deficiently and (2) that the deficient performance prejudiced his defense. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Movant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Movant's argument that his counsel ineffectively cross-examined the government witnesses regarding proof of ownership of the seized guns. To defeat Count Two, counsel would have to show that none of the seized guns were those stolen from Teresa Kelly and Jeremy Powell. While the evidence regarding the identification of three of the guns was in question, there was evidence that the other guns belonged to the witnesses. Movant cannot show any prejudice resulting from counsel's tactical decision in cross-examining these witnesses. Further, "we will not second-guess trial strategy nor use the benefit of hindsight to determine what a better course of action may have been." Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006).

**Ground Two**

Movant argues that his counsel was ineffective in failing to object to the fact that the Government witnesses Teresa Kelly and Jeremy Powell were permitted to testify as regards to Exhibits 2 through 8 and 1, 33, and 34 without the exhibits being offered into evidence through a proper foundation.

For the reasons stated above, however, even without the admission of this evidence, a conviction as to Count Two could have been sustained against Movant. Accordingly, he cannot show prejudice resulting from counsel's failure to object.

**Ground Three**

Claims considered on direct appeal are not cognizable in a 2255 motion. Thompson v. United States, 7 F.3d 1377, 1379 (8th Cir. 1993). In his appeal to the 8th Circuit, Movant unsuccessfully argued that this Court erred in its instructions and directions to the venire panel regarding Movant's indictment. The claim thus cannot again be heard in a section 2255 motion.

Further, Movant has not shown prejudice resulting from counsel's failure to object. The Court remedied the situation by instructing the jury as to the correct statement of the law. Movant cannot show that any other result would have occurred had counsel objected.

A Court need not grant an evidentiary hearing on a §2255 where the "motion, files and record conclusively" show that Movant is not entitled to relief. United States v. Regenos, 405 F. 3d 691, 694 (8th Cir. 2005). The Court may also deny a hearing where the record contains all the information necessary to rule on the motion. Covey v. United States, 377 F.3d 903, 909 (8th Cir. 2004). Based upon the above, the Court finds that Movant is not entitled to an evidentiary

hearing.

Accordingly, the Court hereby DENIES Movant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1).

Further, for the reasons set forth in this Order, the Court finds that Movant has failed to make a substantial showing that he has been denied constitutional rights. 28 USCS § 2253(c)(2); <u>Garrett v. United States</u>, 211 F.3d 1075, 1076-77 (8th Cir. 2000). Accordingly, he is denied a certificate of appealability.


Date:   February 5, 2008                             /s/ Dean Whipple
                                                    Dean Whipple
                                                    United States District Judge